09/14/2011  21:27   7322499315                FEDEX OFFICE        1212            PAGE  01
Sep 14 2011 21:11     David Abrams, Attorney at     212-897-9811      p. 1
Case 1:08-cv-04425-FB-SMG   Document 36   Filed 09/14/11   Page 1 of 3 PageID #: 249

David Abrams, Attorney at Law (DA-8126)
299 Broadway Suite 1700
New York, New York 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

----

Roxanne Slow,

        Plaintiff,

   - against -

Prestige Merchandising Company, Inc.
a/k/a Prestige Merchandising Co.,
Wilson Perez, and The Kirby Company,

        Defendants.

No. 08 cv 4425 (DGT) (SMG)

## Declaration of Roxanne Slow

1. I am the plaintiff in the above-referenced matter.

2. I was employed by Defendant Prestige Merchandising Company, Inc. (the "Employer") for approximately 1 1/2 years until my discharge in September of 2007.

3. I was employed as a canvasser and then in 2007 was promoted to canvas manager.

4. At no time during my employment did I make actual sales to customers. Instead, I promoted my employer's products to potential customers and paved the way for salespeople to do demonstrations and make actual sales. In other words, I never obtained any kind of commitment from a customer to purchase goods.

5. Before I became a canvas manager, I did not have the authority to hire or fire employees.

6. While employed by the employer, my base salary was $300 and then later $350 per week. I also received bonuses depending upon the sales made by the salespeople.

*RS*

09/14/2011 21:27    7322499315                FEDEX OFFICE        1212                    PAGE  02
Sep 14 2011 21:11        David Abrams, Attorney at Law            1891            p.2
Case 1:08-cv-04425-FB-SMG   Document 36   Filed 09/14/11   Page 2 of 3 PageID #: 250

7. If I missed a day of work for any reason, $50 would be deducted from my pay. The Employer did not have any kind of sick time or personal time available.

8. I regularly worked well over 40 hours per week but never received any overtime compensation. I estimate that my average hours per week were approximately 70 and my average gross weekly wages (including bonuses) were approximately $450.

9. While employed by the Employer, I was subject to frequent sexual harassment by the Employer's owner (Mr. Wilson Perez) as well as two co-workers, Mr. Winston and Mr. Yao. I have described their conduct as follows:

Wilson Perez: Mr. Perez would regularly "rate" women's posteriors in front of me and flirt with all female employees. On one occasion, when I was adjusting my skirt, Mr. Perez stated to me "Where's your ass?" On another occasion, he proposed to me that I have a "threesome" with him and another employee. On the day of my termination, Mr. Perez called me a "fucking bitch." On days when I wore a skirt to work, Mr. Perez would state that she had "sexy legs." Mr. Perez regularly told me that she was "beautiful." Mr. Perez frequently massaged my back until I would ask him to stop.

Mr. Winston: When I started work, Mr. Winston would regularly touch my shoulders and hands and put his arm around me. Mr. Wilson regularly called me "precious." On one occasion, Mr. Winston approached me, held my hands, stood close to me, and told her that me would "make love to you all night long."

Mr. Yao: Mr. Yao regularly called me a "bitch" or a "cunt." Mr. Yao regularly described sexual activities which he wanted to engage in with other women. For example, Mr. Yao would regularly see women on the street with large buttocks and state that he would "lick that ass."

The above three individuals would regularly grab their crotches and boast about the size of their penises in front of me. These individuals would regularly yell phrases like "oh baby" and "gimme some of that" to women who were outside of the van.

10. When I state that these activities took place "regularly," I mean that they took place on a daily basis.

2

09/14/2011  21:27   7322499315                FEDEX OFFICE    1212              PAGE 03
Case 1:08-cv-04425-FB-SMG   Document 36   Filed 09/14/11   Page 3 of 3 PageID #: 251
Sep 14 2011 21:11      David Abrams, Attorney at   212-897-5811    p.3

11. None of the above conduct was welcome and I regularly complained about it to Mr. Perez, whom I understand to be the owner and manager of the Employer. However, the conduct continued. It was very upsetting to me and it made it difficult for me to focus on my work.

12. On or about September 14, 2007, I was complaining to Mr. Perez about such abusive conduct by Mr. Yao and he verbalized to me, in effect, that he was tired of hearing me complain and that I must leave and not come back. Thus it was clear to me that I was being fired in response to my complaint.

13. A few days later, Mr. Perez called and told me that he would not talk the way he did to his sister. However, he did not offer me my job back during that conversation.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed on September 14, 2011.

_Roxanne Slow_
Roxanne Slow

Dated: September 14, 2011
East Brunswick, NJ

3

RS