UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ROXANNE SLOW,

        Plaintiff,

   -against-

PRESTIGE MERCHANDISING COMPANY,
INC. a/k/a PRESTIGE MERCHANDISING CO.
and WILSON PEREZ

        Defendant.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-4425 (FB) (SMG)

*Appearances:*
*For the Plaintiff:*
DAVID ABRAMS, ESQ.
299 Broadway – Suite 1700
New York, New York 10007

*For the Defendant*:
MARC D. GREENWALD, ESQ.
The Proskin Law Firm, P.C.
423 Loudon Road
Albany, New York 12211

WILSON PEREZ
3 Sandy Ct.
Paterson, NJ 07522

**BLOCK, Senior District Judge:**

     For the reasons stated at oral argument held on September 14, 2011, and further explained below, defendant Prestige Merchandising Company, Inc. a/k/a/ Prestige Merchandising Co.'s motion for summary judgment is denied.

     With respect to the plaintiff's Fair Labor Standards Act ("FLSA") and New York State Minimum Wage Act claims, the defendant has not shown that the plaintiff fell within either the outside salesperson exemption or the executive exemption to federal and state overtime compensation requirements for the entirety of her employment. *See* 29 U.S.C. § 213(a)(1); New York Labor Law § 651(5)(c),(d); *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008) ("the burden rests on the employer to prove that a

particular employee is exempt from the [FLSA's] requirements").[1]  For at least part of her employment with the defendant, the plaintiff did not fall under the salesperson exemption because her "primary duty" was not "to make sales or to obtain orders or contracts."  *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 152 (2d Cir. 2010) (quoting *Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 69 Fed.Reg. 22122, 22162 (Apr. 23, 2004)); *see also* 29 C.F.R. § 541.500 (defining an "outside salesman" as an employee "[w]hose primary duty is making sales . . . or . . . obtaining orders or contracts for services . . ." and who "customarily and regularly" performs this duty "away from the employer's place or places of business"); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(c)(5) (defining an "outside salesperson" under New York Labor Law as one "predominantly engaged away from the premises of the employer . . . for the purpose of . . . making sales . . . selling articles or goods . . . or obtaining orders or contracts . . . ").  If an employee "does not consummate the sale nor direct efforts toward the consummation of a sale, the work is not exempt outside sales work."  29 C.F.R. § 541.503(c).

The plaintiff may have been a salesperson when she was initially hired as an independent dealer, but it is unclear from the present record how long she worked in that capacity and what that position entailed.  In any event, plaintiff's title changed at some indeterminate point to canvasser and, later, canvass manager.  Plaintiff's task as a canvasser, according to her deposition testimony, was to "bring[] the dealers inside [the]

---

[1]In an interrogatory response, plaintiff's counsel estimates that approximately 48 of plaintiff's 60 weeks of employment are subject to overtime compensation laws.  Counsel does not explain why the remaining 12 weeks are not covered.

house" – she would go from door to door arranging appointments for the dealers, who would use these appointments to conduct demonstrations and, ideally, complete sales. Plaintiff received a $50 commission for each sale made during an appointment she had arranged.  After her promotion to canvass manager, she was further responsible for "train[ing] new canvassers."  As a canvasser and canvass manager, plaintiff did not attempt to complete sales.  Rather, her work is best characterized as promotional activity "designed to stimulate sales . . . made by someone else," which is explicitly not exempt under the Secretary of Labor's regulations.  29 C.F.R. § 541.503(b).  Thus, defendant's attempt to color the entire duration of plaintiff's employment as falling within the exemption must fail.  To the extent defendant demonstrates at trial that the plaintiff worked as a salesperson prior to becoming a canvasser, the plaintiff will not be permitted to recover for any period during which she fell under the exemption.  The precise date on which plaintiff became a canvasser, however, is an outstanding factual question.

The amount and structure of plaintiff's compensation prevent her from being categorized as an "executive" employee.  *See* 29 C.F.R § 541.100(a)(1) (defining an "executive" employee under the FLSA as one "compensated on a salary basis at a rate of not less than $455 per week"); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(c)(4)(i)(e) (defining an "executive" employee as one "paid . . . a salary of not less than . . . $506.25 per week on and after January 1, 2006 . . . [and] $536.10 per week on and after January 1, 2007").  Plaintiff first earned a base salary of $300 per week, later increased to $350 per week, plus a $50 bonus for any sale made as a result of her promotional activity for a total, in her approximation, of $450 a week.  If she missed a day of work for any reason, $50 would be

deducted from her paycheck.  There is no evidence that plaintiff ever earned enough to meet the executive exemption's threshold salary requirement.  Moreover, she was not paid "on a salary basis," inasmuch as her predetermined compensation was "subject to reduction because of variations in the quality or quantity of the work performed" and she did not "receive [her] full salary for any week in which [she] perform[ed] any work without regard to the number of days or hours worked." 29 C.F.R. § 541.602(a).

With respect to plaintiff's sex discrimination claims pursuant to the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 296(1)(a), and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-107(1)(a), the plaintiff has proffered sufficient evidence that she was frequently subjected to lewd, sexually suggestive comments and touching by her supervisor and co-workers for a reasonable fact-finder to conclude "(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his or her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Mack v. Otis Elevator* Co., 326 F.3d 116, 122 (2d Cir. 2003) (citation and internal punctuation omitted); *see also Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2000) (holding that the NYSHRL is "co-extensive with [its] federal counterpart[]," while "claims under the NYCHRL must be reviewed . . . 'more liberally'").  Plaintiff claims to have endured unwanted comments and touching on a "daily" basis, much of it from her supervisor.  The supervisor's conduct is presumptively imputed to the defendant, *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 103 (2d Cir. 2010), and the defendant has not raised a *Faragher/Ellerth* defense. *See id*.  With respect to plaintiff's co-workers, she has

4

alleged facts sufficient to show, "that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 225 (2d Cir. 2004) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998)).

The plaintiff has established a prima facie retaliation case under the NYSHRL, N.Y. Exec. Law § 296(e), and the NYCHRL, N.Y.C. Admin. Code § 8-107(7), by showing that "(1) she was engaged in an activity protected . . . ; (2) the employer was aware of [her] participation in the protected activity; (3) the employer took adverse action against [her]; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000) (citation and internal quotation marks omitted); *see also Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 723 (2d Cir. 2010) (holding that NYSHRL retaliation claims are analyzed under the federal standard, while the NYCHRL has a "broader" conception of adverse employment action). Defendant's only challenge to plaintiff's retaliation claim is that her informal complaints to management do not constitute a protected activity. It is well-settled, however, that such complaints are protected. *See Sumner v. U.S. Postal Service*, 899 F.2d 203, 209 (2d Cir. 1990) (noting that protected activity includes such "informal protests" as "making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges"). Finally, neither the NYSHRL nor the NYCHRL requires the plaintiff to exhaust her administrative remedies. N.Y. Exec. Law § 297; N.Y.C. Admin. Code §§ 8-109(a), 8-502(a).

In sum, the defendant has failed to show that plaintiff's FLSA and New York State Minimum Wage Act claims fit under any statutory exemption for the entire period for which she seeks overtime compensation, or that she has not sufficiently supported her hostile environment and retaliation claims under the NYSHRL and NYCHRL.  Defendant's motion for summary judgment is therefore denied.

SO ORDERED.

                                _____
                                FREDERIC BLOCK
                                Senior United States District Judge

Brooklyn, New York
September 19, 2011