David Abrams, Attorney at Law
299 Broadway, Suite 1700, New York, NY 10007
Tel. 212-897-5821 Fax 212-897-5811


November 25, 2011

To:    Hon. John Gleeson    (by ECF)
        United States District Court
        Eastern District of New York
        225 Cadman Plaza East
        Brooklyn, NY 11201


Re:    <u>Slow v. Prestige et al, No. 08 cv 4425 (JG) (SMG)</u>

Dear Judge Gleeson:

      This office represents the plaintiff in the above-referenced matter. Pursuant to Your Honor's directions, I am respectfully submitting to the Court a copy of the Stipulation of Settlement in this matter. Putting aside the strengths and weaknesses of the case, it appears my client would be likely to face a lot of difficulties with collection if she were to obtain a large judgment at trial. Among other things, the corporate defendant would appear to be in default and the individual defendant is proceeding pro se. In short, this would appear to be a classic "bird in the hand" situation. Accordingly, I would respectfully ask that the Court approve the settlement.

                                            Respectfully yours,

                                            /s/ David Abrams

                                            David Abrams

Attachment

cc:    Wilson Perez    (by electronic mail w/ attachment)

United States District Court
Eastern District of New York

```
                                    )
Roxanne Slow,                       )
                                    )
                Plaintiff,          )
                                    )
        - against -                 )    No. 08 cv 4425 (JG) (SMG)
                                    )
Prestige Merchandising Company, Inc.)
a/k/a Prestige Merchandising Co., & )
Wilson Perez,                       )
                                    )
                Defendants.         )
                                    )
```

### Stipulation of Settlement

The parties hereby stipulate that this matter be resolved as follows:

1. In consideration of the payments and promises described below, the parties agree to dismiss this matter with prejudice and without costs. Plaintiff Slow shall direct her attorney to request that this matter be dismissed with prejudice and without costs as to Defendant Prestige Merchandising Company, Inc.

2. Defendants shall pay a total of $9,000 (nine thousand dollars) (the "Settlement Amount") to Plaintiff as follows: By sending 24 monthly payments of $375 (three hundred seventy five dollars) by means of a check drawn on a U.S. bank against good funds, payable to "David Abrams, as Attorney for Roxanne Slow," and sending it to David Abrams, Attorney at Law, 299 Broadway, Suite 1700, New York, NY 10007 or such other address as David Abrams may designate in writing.

3. Said payment shall be due to be received on or the 15th of each month, starting with the first payment due on December 15, 2011. If such payment is not received by David Abrams by the 15th of such month, he may send a notice to cure by electronic mail

to Wilson Perez at wilperez726@gmail.com. If payment is not received within 5 business days of such notice to cure, Ms. Slow, may declare a default and have judgment entered against Defendants, jointly and severally for $50,000 (fifty thousand dollars), minus any portions of the Settlement Amount previously paid. The parties agree that the reasons for this $50,000 figure are that (1) there is a trial scheduled for December 6, 2011 in this matter; (2) Ms. Slow believes she has a good chance of getting a judgment well in excess of $50,000 if the matter goes to trial; (3) she is agreeing to a settlement of $9000 (nine thousand dollars) based in part on Mr. Perez' representations that he is having serious financial difficulties but is able to make the payments described above; and (4) this settlement will result in the trial being cancelled. Thus, the $50,000 is an estimate made so that in the event of default, Ms. Slow will end up in roughly the same position as if the case had gone to trial.

4. The parties agree that any dispute arising out of or relating to this agreement may be heard in a court of proper subject matter jurisdiction in either (1) Bergen County, New Jersey; or (2) New York County, New York, at the option of Ms. Slow. All parties agree to jurisdiction and venue in and of such courts. Mr. Perez agrees that service may be made on him at his address at 3 Sandy Court, Paterson, New Jersey, 07522 or such other address as he may designate in writing within the State of New Jersey.

5. The parties agree that they shall not disparage the other parties in this matter. If contacted in the nature of a job reference check, Defendants shall state only Plaintiff's position, dates of employment, and terminal rate of pay.

6. If any part of this Stipulation is held to be unenforceable, then Ms. Slow, may, at her option, declare the entire Stipulation to be void and bring suit against the Defendants

on her underlying claims. In such case Defendants shall receive a credit for any payments made pursuant to this Stipulation and, for statute of limitations purposes, such new suit shall be deemed filed on October 31, 2008.

7. This stipulation encompasses the entire agreement of the parties. The parties hereby acknowledge that in executing this stipulation they have not relied on any representation or promise made by any other person or entity whatsoever.

8. This Stipulation of Settlement may be signed in counterparts and copies shall have the same force as originals.

_____
Wilson Perez

Dated: _____, NY
       November 17, 2011

_____
Roxanne Slow

Dated: 11/21/11 , NY
       November 21, 2011

3